## MATTER OF TOWNSHEND.

*Mortgage — removal from record by special proceedings — payment necessary to be shown.*

The acts relating to the discharge of mortgages from record in certain cases (Laws 1862, chap. 365; 1868, chap. 789; 1873, chap. 551) are designed to remove an existing incumbrance which has been paid in fact, and not by mere presumption of law, and in proceedings thereunder it is necessary to allege in the petition and prove that such incumbrance has been actually paid.

The principle is well settled that where a remedy is given by statute all the requirements imposed by the statute must be complied with.

APPEAL by Mary N. Townshend from an order at special term denying appellant's petition to have a mortgage discharged of record.

The proceedings were instituted under the provisions of the acts relating to the discharge of mortgages from record in certain cases. (Laws 1862, chap. 365; 1868, chap. 789; 1873, chap. 551.) By these acts the owner of lands described in any mortgage, which, from the lapse of time, is presumed to have been paid, may present his petition asking to have the same removed from the record. The petition is required to allege that the mortgage is paid, and in case of the mortgage having been assigned by assignment not acknowledged, so as to entitle it to be recorded, that such assignee has been paid the amount due. The court, upon being satisfied that the matters alleged in the petition are true, may make an order for the discharge of such mortgage.

In these proceedings the petitioner alleged these facts, that one Samuel N. Stubbs made a mortgage to Hiram Parker, dated June 22, 1838, and recorded June 26, 1838; that Parker assigned said mortgage to one Campbell, and Campbell assigned it to one Mary Spingler; that both assignments were duly acknowledged and recorded November 24, 1838; that Parker died in 1865; that no letters of administration have been granted in his estate; that Mary Spingler died intestate in or about the year 1839, and no administration was had on her estate; that the respondent, Mary S. Van Beuren, is the only next of kin and heir at law of Mary Spingler; that said mortgage has been paid, but has never been satisfied of record.

The attorney in fact of the respondent, by affidavit, denied the

statement that the mortgage was paid, and claimed and alleged that it was unpaid, and that the last payment of interest was made in 1839. Upon these papers the application was denied.

*John Townshend,* for appellant.

*Edward Mitchell,* for respondent.

BRADY, J. The act of 1862 to authorize the discharge of mortgages of record in certain cases (Laws 1862, chap. 365), and the amendments thereof by acts of 1868 (Laws 1868, chap. 789) and 1873 (Laws 1873, chap. 551), are designed to remove an existing incumbrance which has been paid in fact and not by mere presumption of law. It is required, among other things, that the petition "shall allege that such mortgage is paid;" not alone that twenty years having elapsed it is presumed to be paid, but that it *is* paid. The object of the statute seems to have been to relieve mortgagors and those claiming under them, in a summary way from an incumbrance; which, as stated in the first section of the acts, *supra,* from the lapse of time is presumed to be paid, if it have in fact been paid, but satisfaction of which cannot be obtained without a formal proceeding therefor in a court of equity, in consequence of the death of the mortgagee and of the fact that no letters testamentary or of administration have been granted in this State. The petition must allege that the mortgagee has been dead for more than five years, and that the letters mentioned have not been granted. (§ 1.)

It is true that the acts also require a statement of the assignment, if one have been made, and the "facts in regard to the same," without exacting an averment that the assignee is dead, but that does not destroy the general design of the statute. The chief object of requiring the statement of the assignment is to enable the court to have all persons interested notified of the application, in accordance with section three of the acts. Whether there be an assignment or not, however, the court must be satisfied that all the matters alleged in the petition are true. (§ 4.) Satisfied of what? The principal fact is the payment of the mortgage. It must, as shown, be alleged that it is paid.

It is not proved in this matter that the mortgage is paid. The evidence is that it is not, except by presumption of law, which is

not sufficient on this summary proceeding. The statute under consideration relates to mortgages presumed, from lapse of time, to have been paid; but it requires, as already shown, an allegation, and, therefore, proof of payment. The principle is well settled, that where a remedy is given by statute all the requirements imposed by it must be complied with. *Dudley* v. *Mayhew*, 3 N.Y. 9; *Renwick* v. *Morris*, 3 Hill, 621. Here the petitioner fails in the most important allegation — the one, indeed, upon which the whole application rests.

The order of the special term should be affirmed. The petitioner must seek relief in another mode.

*Order affirmed.*